IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIDNEY RAY SNELLINGS, TDCJ # 02382954, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-22-0687 |
| ANDY EASON, et al., | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Montgomery County pretrial detainee at time of filing and currently a state prisoner in custody of the Texas Department of Criminal Justice, filed a *pro se* amended complaint under 42 U.S.C. § 1983 against nine defendants. He proceeds *in forma pauperis*.[1]

Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit without prejudice and with leave to amend for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff filed this lawsuit while he was a pretrial detainee at the Montgomery County Jail. In his amended complaint, plaintiff names the following as defendants: Andy Eason,

---

[1]Although plaintiff is a "three strikes" prisoner who is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in federal district and appellate courts, he did not incur his third strike until after he filed the instant lawsuit. *See Snellings v. Garcia*, C.A. No. 6:23-cv-0119 (E.D. Tex. Oct. 10, 2023) (dismissed for failure to state a claim); *Snellings v. Supervisor Nichols*, C.A. No. 4:22-cv-265 (S.D. Tex. Apr. 18, 2022) (dismissed as frivolous and for failure to state a claim); *Snellings v. Jennings*, C.A. No. 4:15-cv-1708 (S.D. Tex. Aug. 5, 2015) (dismissed for failure to state a claim).

Montgomery County Jail administration captain; HCA Houston Health Care of Conroe, Texas; Imran Fayaz, a physician or physician assistant in Conroe, Texas; Christine Underhill, nurse administrator in the Montgomery County Jail Medical Department; the Montgomery County Sheriff's Department; the Montgomery County Jail Medical Department; Gregory Jay Elders, a physician at HCA Houston Health Care of Conroe, Texas; Laura Fernandez, a physician at the Woodlands Heart and Vascular Institute; and the Montgomery County Hospital District.

Plaintiff's claims against the defendants in his amended complaint are stated in conclusory fashion without supporting factual allegations: "denial of patient rights," "abuse," "discrimination," "harassment," "retaliation," "medical neglect," "ethical decisions resolutions," "organized embezzlement financial billing," "medical conspiracy business," "protective service declines," "disability hazardous treatment," "staff assault," and "physical mistreatment." Plaintiff pleads no claims as to defendants Laura Fernandez, M.D., and the Montgomery County Hospital District. Moreover, plaintiff fails to state the date that each alleged violation of his constitutional rights occurred.

As explained below, plaintiff's pleadings are insufficient to raise viable claims for relief against the defendants under 42 U.S.C. § 1983 and the claims must be dismissed.

## II. ANALYSIS

A.    <u>Sections 1915(e), 1915A</u>

Because plaintiff is a prisoner who is proceeding *in forma pauperis*, the Court is required to scrutinize his pleadings and dismiss the case if it determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

B.    <u>Pleading Requirements</u>

To determine under sections 1915A and 1915(e) whether a complaint states a viable claim for relief, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hart v. Hairston*, 343 F.3d 762, 763–64 (5th Cir. 2003). To avoid dismissal for failure to state a claim, the factual allegations in the complaint must be sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint has not set forth enough facts to state

3

a claim to relief that is plausible on its face, it must be dismissed. *Id.* at 570. A reviewing court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). But the court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Id.* That is, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The screening requirements must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555. Rule 8(a) does not require detailed factual allegations, but it demands more than unadorned "the defendant unlawfully harmed me" types of accusations. *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor will a complaint which provides only "naked assertions" that are "devoid of further factual enhancement." *Id.*

Because plaintiff proceeds *pro se* in this lawsuit, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 509, 520 (1972) (per curiam). Nevertheless, even under this lenient standard plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016). "[E]ven for *pro se* plaintiffs conclusory allegations or legal conclusions masquerading as factual conclusions

4

will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (cleaned up).

    C.    <u>Claims Against Non-State Actors</u>

Plaintiff is proceeding under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Thus, two allegations are required in order to state a cause of action under section 1983. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state law; that is, the person was a state actor. *Gomez*, 446 U.S. at 640.

Among the defendants named by plaintiff in his amended complaint are HCA Houston Health Care of Conroe, Texas; Imran Fayaz, a physician or physician assistant in Conroe, Texas; Gregory Jay Elders, a physician at HCA Houston Health Care of Conroe, Texas; and Laura Fernandez, a physician at the Woodlands Heart and Vascular Institute.

Plaintiff pleads no factual allegations demonstrating that these defendants were state actors acting under color of state law for purposes of liability under section 1983. He further pleads no factual allegations establishing that each of these defendants violated one or more of his constitutional rights and the dates that each violation occurred. Plaintiff fails to state a viable claim for relief under section 1983 as to these defendants.

Plaintiff's claims against Imran Fayaz, Gregory Jay Elders, Laura Fernandez, and HCA Houston Health Care of Conroe, Texas, are **DISMISSED** without prejudice and with leave to amend.

D.    <u>Claims Against Non-Sui Juris Defendants</u>

Plaintiff also names as defendants the Montgomery County Sheriff's Department and the Montgomery County Jail Medical Department. However, these entities lack legal capacity to be sued and cannot be named as defendants in this lawsuit. *See Aguirre v. Harris County Sheriff's Office*, C. A. No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); *Lane v. Harris County Jail Medical Dep't*, C. A. No. H-06-0875, 2006 WL 2868944, at *7 (S.D. Tex. Oct. 5, 2006); *see also Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344–45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Department as it lacked the capacity to be sued).

Plaintiff's claims against the Montgomery County Sheriff's Department and the Montgomery County Jail Medical Department are **DISMISSED** without prejudice and with leave to amend.

E.    <u>Claims Against Jail Employees</u>

Plaintiff names jail employees Andy Eason and Christine Underhill as additional defendants in this lawsuit. However, plaintiff pleads only conclusory assertions against these defendants and fails to plead factual allegations sufficient to raise viable claims for relief under section 1983. He further fails to plead the dates that each claim arose.

Plaintiff's claims against Andy Eason and Christine Underhill are **DISMISSED** without prejudice and with leave to amend.

F.   Claims Against the Montgomery County Hospital District

Plaintiff lists the Montgomery County Hospital District as a defendant. However, he pleads no factual allegations sufficient to raise viable claims for relief against it under section 1983, nor does he plead the date that the claims arose.

Plaintiff's claims against the Montgomery County Hospital District are **DISMISSED** without prejudice and with leave to amend.

G.   Leave to Amend

The Court grants plaintiff leave to file a second amended complaint so that he may plead non-conclusory factual allegations (including dates or approximate dates that each claim arose) sufficient to raise viable claims for relief against the defendants under section 1983. The second amended complaint must cure the pleading defects set forth by the Court in this order, be submitted on the standardized civil complaint form for use by *pro se* prisoners, be clearly labeled "second amended complaint," and be filed under the instant case number. All relevant factual allegations must be set forth in the second amended complaint; plaintiff may not refer the Court to his earlier pleadings.

If the Court does not receive a timely-filed second amended complaint, a final judgment will be entered dismissing this lawsuit for failure to state a viable claim for relief.

## III. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. This lawsuit is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for plaintiff's failure to state a viable claim for which relief may be granted under section 1983.

2. Plaintiff is **GRANTED LEAVE** to file a second amended complaint within **THIRTY DAYS** from date of this order.

3. This lawsuit will be dismissed should plaintiff fail to file a timely second amended complaint curing the pleading defects set forth by the Court in this order.

4. This is an interlocutory order.

Signed at Houston, Texas, on this the _12th_ day of February, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE